B. F. ARRINGTON, Executor v. W. T. DORTCH, Executor and others.

*Executors and Administrators—Widow's Distributive Share—Advancements.*

1. In ascertaining the distributive share of a widow who dissents from her husband's will, all his personal estate, whether consisting of advancements theretofore made to children, or legacies to grand children or to strangers, is to be brought together, and her share is to be taken out of it pursuant to the statute of distributions.

2. There is no substantial difference between Bat. Rev. ch. 117, § 7, and Rev. Code, ch. 118, § 12.

(*Worth* v. *McNeil*, 4 Jones Eq. 272; *Headen* v. *Headen*, 7 Ire. Eq. 159; *Hunter* v. *Husted*, Busb. Eq. 97; *Credle* v. *Credle*, Busb. Law 225, cited and approved.)

PROCEEDING for the Settlement of an Estate heard at Spring Term, 1877, of NASH Superior Court, before *Buxton, J.*

This proceeding was instituted by the plaintiff, as executor of John Harrison against his legatees, and W. T. Dortch, executor of his (Harrison's) widow. The facts as agreed upon were substantially as follows :

John Harrison died in said County in the year 1870, leaving a last will and testament of which the following is a copy ; * * * " I give to my wife, Celestia E. Harrison, one year's allowance, one hundred dollars in specie, and (a considerable amount and variety of personal effects.) The three beds and the stock not disposed of to be sold at my death, and the household and kitchen furniture, still and fixtures, to remain in her possession during her natural life. Whatever she may bring here I consider hers.

" My desire is that all the land on the south side of her dower, including the tract on which N. C. Harrison formerly lived, be sold or divided between N. C. Harrison's chil-

dren. After the death of my wife, the dower to be divided equally between the children of my deceased son, John F. Harrison; viz, Bettie and Mary.

"I have already given to my daughter, Mary Drake, one note for $500 and one gold watch, to be handed to her after my death. My will is that all the bonds and money on hand, if any, and the proceeds of the sale be equally divided between my grand-children, who have already been mentioned in this will."

After the death of the testator, his widow dissented from the will, had her year's support allotted, and in 1873 she married again, and died in 1874, leaving a last will and testament which was admitted to probate, and the defendant, Dortch, named as her executor duly qualified as such.

Before the marriage of the plaintiff's testator with said Celestia E., he made advancements to his children, (the said John F. and N. C. Harrison and Mrs. Mary Drake) of slaves and other personal property of the value of several thousand dollars; they being his only children by a former marriage. It was insisted by the defendant executor, that said advancements should be accounted for in ascertaining the share of his testatrix in the estate of her first husband. It was insisted by the other defendants, that the defendant executor was only entitled to one-fourth of the personal property, and that the other three-fourths should be divided between the defendants, who are grand-children of the plaintiff's testator.

It was then agreed, that if the Court should be of opinion with the defendant executor, all the money in the hands of the plaintiff should be paid over to said Dortch; for that, the same is not equal to the value of advancements made to each of said children; and if the Court should be of opinion that the defendants are not required to account for the advancements, then it was agreed that one-fourth should be paid to said Dortch, and three-fourths divided equally be-

tween the defendants, who are grand-children of the plaintiff's testator.

Thereupon His Honor decided that said Dortch was entitled to one-fourth of said personal estate, and that the grand-children—residuary legatees in said will—were not chargeable with advancements made to their parents, nor were the advancements to be taken into *hotchpot* for the benefit of the widow. And as Mrs. Drake was a legatee, she would have to account for any advancements she may have received. From this ruling the defendant executor appealed.

*Messrs. J. J. Davis* and *C. M. Cooke*, for plaintiff.
*Messrs. Busbee & Busbee*, for defendant.

BYNUM, J. Bat. Rev. ch. 117, § 7 provides, that where she dissents from her husband's will, "the widow shall have the same rights and estates in the real and personal property of her husband as if he had died intestate." The Rev. Code ch. 118, § 12 provided, that "where a widow shall dissent from her husband's will, she shall take as fully, and such part of his personal estate as she would take in case of his intestacy." We can see no substantial difference between the two statutes as was attempted to be shown in the argument, and therefore we must give the same construction to the former as the latter has invariably received in the decisions of this Court. *Worth* v. *McNeil*, 4 Jones Eq. 272, was decided in 1858, after the enactment of the Revised Code, and was a case entirely like the present; in that, advancements had there been made of slaves to the children by a former marriage. It was there held on the dissent of the widow, that in ascertaining her distributive share as in a case of intestacy, she was entitled to have advancements made under the will estimated as a part of her husband's estate. The same principle was decided in *Headen* v. *Headen*,

24

7 Ire. Eq. 159; *Hunter* v. *Husted*, Busb. Eq. 97; *Credle* v. *Credle*, Busb. Law, 225.

His Honor in the Court below held that Mrs. Drake, one of the children of the testator, being a legatee under the will must account for advancements made to her, but that the other two children not being legatees, the advancements made to them were not to be estimated in favor of the widow as against the grand-children who claimed under the will. No such distinction can be sustained. In ascertaining the widow's share who dissents, there is no will as to her, but the husband dies intestate; and of course all his personal estate, whether consisting of advancements theretofore made to children, or legacies to grand-children or strangers, is to be brought together and her share is to be taken out of it pursuant to the statute of distributions. Bat. Rev. ch. 45, § 103. His Honor was probably misled by what the Court said in *Worth* v. *McNeil, supra,* and by not adverting to the distinction there made between the case of the widow claiming against the will as in an intestacy where all the personal property must be brought in *hotchpot* for her benefit, and the case of a division among children claiming under a will where advancements are not to be accounted for as between themselves. In this case all the advancements are to be accounted for and as of the time when made, and the widow or her personal representative is entitled to a child's part as in case of an intestacy.

It may be a hardship upon the children and legatees, as the advancements were made in slaves which have been emancipated by the results of the war, but then the law operates by fixed principles and cannot bend to cases of individual and exceptional hardship.

There is error. Judgment reversed and judgment here according to the agreement in the case stated.

PER CURIAM. Judgment reversed.